Filed 7/30/26  P. v. Zoudo CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065507 |
| v. | (Super. Ct. No. 24CF3040) |
| JOSEPH FRED ZOUDO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge. Affirmed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, A. Natasha Cortina and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Joseph Fred Zoudo challenges his vandalism convictions. He claims the trial court provided an erroneous answer to the jury's question about the required mental state, omitting any requirement that the defendant intend to damage or destroy the property. Because the instruction properly directed the jury to consider whether Zoudo intentionally committed a wrongful act, we affirm.

## FACTS

The Orange County District Attorney charged Zoudo with three counts of vandalism. (Pen. Code, § 594, subd. (a), (b)(1).)[1]

According to the evidence at trial, Zoudo scratched several cars with a pair of scissors, leaving deep scratch marks and causing thousands of dollars in damage. A witness described his actions as "very purposeful" but described him as "having a mental break" and "freaking out."

After the close of evidence, the trial court instructed the jury that the charges required proof that Zoudo acted with a "mental state" (CALCRIM No. 251 (union of act and intent)). It then instructed under CALCRIM No. 2900 (vandalism) that the prosecution must prove Zoudo "maliciously" defaced or damaged the cars. The instruction defined maliciously as "intentionally do[ing] a wrongful act" or "act[ing] with the unlawful intent to annoy or injure someone else."

In closing, defense counsel referred the jury to the vandalism instruction and suggested that it required evidence that Zoudo acted "with the unlawful intent to annoy or injure someone else," omitting the alternative theory that he intentionally did a wrongful act.

---

[1] All statutory references are to this code.

2

During deliberations, the jury asked multiple questions about the required mental state, including whether the word "'intentionally'" concerned only "the physical 'act'" or also included "the mental reasoning motivating the 'act.'" The court referred the jury back to the jury instruction.

After the jury informed the court that it was unable to reach verdicts and the court instructed it to continue deliberating, the jury again asked the court to define the word "'intentionally'" in the vandalism instruction. Over defense counsel's objection, the court gave the following response: "Vandalism does not require an additional specific intent to damage or destroy the personal property of another, but instead requires only intent to do the act that causes the harm. The act of vandalism must be done 'maliciously' which means intentionally committing 'a wrongful act' or acting 'with the unlawful intent to annoy or injure someone else.'"

After receiving this answer, the jury found Zoudo guilty. The trial court imposed a prison sentence but suspended its execution and placed Zoudo on probation, with a requirement that he serve one year in jail.

## DISCUSSION

The trial court correctly instructed the jury. A trial court must instruct the jury on all general principles of law raised by the evidence and necessary to the jury's proper understanding of the case. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1035.) The court also has "a general obligation to 'clear up any instructional confusion expressed by the jury.'" (*People v. Dykes* (2009) 46 Cal.4th 731, 802.) We review the correctness of the court's response to a jury's question de novo, asking whether there is a reasonable likelihood that the jury understood it in a legally erroneous way. (*People v. Doane* (2021) 66 Cal.App.5th 965, 980–981.)

3

A person commits vandalism if he or she "maliciously" does one of three things to someone else's property: (1) defacing it with graffiti or other inscribed material, (2) damaging it, or (3) destroying it. (§ 594, subd. (a).) A person acts "'maliciously'" if he or she intends to "vex, annoy, or injure another person" or simply to "do a wrongful act." (§ 7, subd. (b)(4).) So intentionally committing "*any wrongful act*" that results in damage to another's property is vandalism, even if the defendant never intended to damage that property. (*People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1282 (*Kurtenbach*).) In *Kurtenbach*, a defendant who solicited setting his own house on fire, which damaged a neighboring house, was validly convicted of vandalizing the neighboring house, even though the jury instruction did not require any intent to damage that property. (*Id.* at pp. 1271, 1281–1282.)

The trial court's response here accurately reflected these principles. It stated: "[1] Vandalism does not require an additional specific intent to damage or destroy the personal property of another, but instead requires only intent to do the act that causes the harm. [2] The act of vandalism must be done maliciously which means intentionally committing a wrongful act . . . ." This correctly informed the jury that vandalism (1) does not require specific intent to damage the property, but (2) does require intentionally committing a wrongful act. (§ 7, subd. (b)(4); *Kurtenbach, supra*, 204 Cal.App.4th at p. 1282.)

The case Zoudo relies on, *People v. Moore* (2018) 19 Cal.App.5th 889, undercuts rather than supports his position. There, the court held that evidence of voluntary intoxication was inadmissible in a vandalism trial because vandalism is "a general intent crime *with no specific knowledge or mental state requirement.*" (*Id.* at p. 896, italics added.) In so holding, the court said, "[T]he vandalism statute itself does not require any intent besides

4

the intent to do the proscribed acts of defacing, damaging, or destroying property . . . ." (*Id.* at p. 895.)

Zoudo misreads this language in *People v. Moore* as requiring specific intent to *cause* harm to the property by defacing, damaging, or destroying it. His interpretation is directly contrary to the court's conclusion that vandalism has no specific mental state requirement. In context, the relevant language meant only that the offense requires intent to do the wrongful act that caused the harm.

Zoudo nevertheless finds fault in the trial court's instruction by examining each of its two sentences in isolation. He contends the first sentence was erroneous because an intent to "'do the act that causes harm'" could encompass an entirely innocent act. But the very next sentence told the jury, in no uncertain terms, that the defendant must intend a *wrongful* act, not just any act. Read together, as instructions must be read, the response was unproblematic. (*People v. Ibarra* (2007) 156 Cal.App.4th 1174, 1182 [court must consider instructions "as a whole, not in isolation"].) There is no reasonable likelihood that the jury took the first sentence to dispense with the wrongful-act requirement stated immediately after. The trial court correctly instructed the jury.

## DISPOSITION

The judgment is affirmed.


SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


SERVINO, J.